**FILED**

SEP - 7 2007

NO. _____

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ELIJAH W. RATCLIFF, *POB 862*
*1006 W. WEST STREET - POB 862*
*LIVINGSTON, TEXAS 77351*
COMPLAINANT

VS

ELIZABETH EVELYN COKER (EVANS);

INDYMAC BANK, F.S.B. AS SUCCESSOR

IN INTEREST TO INDYMAC MORTGAGE

HOLDINGS INC., F/K/A INMC MORTGAGE

HOLDINGS, INC., STATE OF TEXAS;

STATE BAR OF TEXAS; EXECUTIVE

DIRECTOR OF THE STATE BAR OF TEXAS;

KENNETH HAMMACK, SHERIFF, POLK

COUNTY, TEXAS; AND CLEBURNE

SWILLEY,RESPONDENTS

IN THE UNITED STATES

DISTRICT COURT FOR

DISTRICT OF COLUMBIA

*Upon payment of costs, leave to file complaint granted*
*T. Hogan, C.J. 9/7/07*

Case: 1:07-cv-01593
Assigned To : Walton, Reggie B.
Assign. Date : 9/7/2007
Description: PI/Malpractice

**PLAINTIFF'S ORIGINAL COMPLAINT OF CIVIL RIGHTS ABUSES,**

**UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

COLUMBIA AND DEFENDANTS HEREIN:

**JURISDICTION**

This action arises under **United States Code, Const. Amends. I, V and XIV.**  Such

II

Complainant, alleges, further, a pattern of discrimination against him by the Office of the Sheriff of Polk County, Texas, which position is currently held by Respondent Kenneth Hammack, who may be served with legal process at 1733 North Washington in Livingston, Polk County, Texas 77351, hereinafter referred to as Respondent Sheriff; Clebume Swilley, who may be served with legal process in Livingston, Polk County, Texas 77351, hereinafter referred to as Respondent Deputy; the Executive Director of the State Bar of Texas and State Bar of Texas, an agency of the State of Texas, which may both be served with legal process at the State Bar Headquarters Building in Austin, Travis County, Texas 78711, through its Chief Disciplinary Counsel or Executive Director; and Complainant further names the State of Texas, which may be served with legal process herein through the Secretary of State at Austin, Travis County, Texas 78711.

## STATEMENT OF FACTS

III

Complainant has for more that twenty (20) years maintained a bail bonding business with Offices at 1000 W. West Street in Livingston, Polk County, Texas which has been continuously disadvantaged and deprived of its property rights in contravention of **Article I, Section 19, of the Texas Constitution**, and the **Fourteenth Amendment to the United States Constitution**, by recalcitrance and vindictiveness of personnel in the Office of the Sheriff of Polk County, Texas, with respect to the acceptance of duly submitted bail bonding instruments from Complainant including good and sufficient sureties in behalf of various and sundry accused parties as such bonds were set by the described Office of the Sheriff and other judicial and magisterial officials,

and Complainant is entitled to recover proper equitable compensation and injunctive relief against the Executive-Director of the State Bar of Texas, and the State Bar of Texas, an agency of the State of Texas, which State Bar Respondents facilitated, enabled and further engaged in the wrongful conduct giving rise to the immediate Complaint.

IV

Complainant has been organized to engage in the business of bail bonding in Livingston, Polk County, Texas at relevant times preliminary to this proceeding, and he has been duly and currently authorized to utilize and encumber property of Dunbar Resources-Livingston. Inc., and Lake Livingston Realty, Inc., both being Texas small business corporations with offices at 1000 W. West Street in Livingston, Polk County, Texas, as well as property of his own.

V

Complainant repetitiously made application to present bail bonds to Respondent Sheriff to obtain and secure the release on bail of accused individuals in the Polk County, Texas Jail, and otherwise, but Respondents, jointly and severally, unreasonably, unconstitutionally and illegally, circumvented the rights of Complainant and the detained persons, giving rise to the immediate cause of action.

VI

Complainant was entitled to compensation from Defendants Sheriff and Deputy in excess of One million five hundred thousand ($1,500,000.00) dollars as its pertinent business capacities have been substantially injured by the unprofessional, reckless, inaccurate, mis-representative conduct on the part of Respondents, jointly and severally, in an amount exceeding the minimum jurisdictional limits of this Court.

## VII

Respondent-Banks reside in or are organized under the laws of the State of California and the State of Michigan.

## VIII

In conjunction with one Abner Rives, Respondent Banks and their associates, deceptively trespassed on premises possessed by and within the custody and control of Complainant, and such parties did defame and desecrate Complainant's business interests and wrongfully interfere with an advantageous relationship on or about the 1st day of June, 1998, by influencing one Carla D. Franklin and one Sam Wilson, who were then under contract to lease a mobile home on the premises at 108-A Starghill, Livingston, Polk County, Texas, from Complainant, to vandalize and desecrate the subject premises resulting in property damage incurred by Complainant in addition to entailing preoccupation with defending the premises against vandalism and desecration.

## IX

Complainant had no knowledge of any individual or other person with the name "Abner L. Rives," prior to litigation with Respondents during the calendar year 2002, but it is reasoned that such individual is the catalyst utilized by Respondents to effect the scheme to defame and desecrate Complainant's property interests by fabricating a "credit worthy" status for the previously described Carla D. Franklin and Sam Wilson without notifying Complainant of their activities and proposals or otherwise making Complainant privy to their intrusions.

## X

Respondent-Banks through their Counsel have engaged abuse of the legal process, and

subjected Complainant to service of Citation and fraudulently fabricated writs of execution by

officials from the Office of the Sheriff of Polk County, Texas, including Respondent Deputy, on

multiple occasions yet Respondents have failed to indicate any chain, favoring Respondents, or

either of them, of a perfected security interest, or possessory interest, in any property at 108-A or

108-B Starghill in Livingston, Polk County, Texas, preliminary to the immediate encroachments.

XI

Complainant was not a party to any agreement or note involving any obligation to make

any payment to Respondents, or either associated Respondent, and Respondents have not

indicated any basis for delaying any alleged remedy arising out of any alleged default by the

described Carla D. Franklin and Sam Wilson prior to the immediate litigation, commenced

during the calendar year 2002, and, related thereto, Complainant asserts further injury arising

from the described lingering misconduct.

## RESPONSE TO ALLEGED CAUSES OF ACTION

XII

Complainant has not been a party to any promissory note involving Respondents, or

either associate or predecessor, invoking jurisdiction under the **Texas Business and Commerce**

**Code** or the **Texas Finance Code**, or otherwise.

XIII

No conditions known to Complainant have been performed, executed or promised by

Respondents, or either of them, invoking authority for the described trespass on the premises of

Complainant at 108-A or 108-B Starghill in Livingston, Polk County, Texas.

XIV

Respondent Banks corruptly failed to intelligibly present, discuss or negotiate the subject alleged transaction or cause of action with Complainant, thereby, setting a framework and condition for the extensive tortious conduct which they have committed as related above.

## FACTS OF THE CASE

A. Plaintiff Elijah W. Ratcliff is an individual who was admitted to practice law in all the courts of the State of Texas, following successful negotiation of the State Bar Examination, on the 17th day of September, A. D., 1962, as a graduate of the Texas Southern University School of Law at Houston, Texas.

B. Dunbar Resources is an assumed name utilized by Plaintiff Elijah W. Ratcliff in his varied business endeavors which entity has never been incorporated under the laws of the State of Texas or any other jurisdiction.

C. Lake Livingston Realty, Inc, and Dunbar Resources-Livingston, Inc., are entities conforming to the laws of the State of Texas and doing business at all times pertinent to this proceeding at P. 0. Box 862, Livingston, Texas 77351.

D. Plaintiff was charged during the calendar year 1971 with the offense of theft by the State of Texas under docket No. 9432 in the District Court of Polk County, Texas because he lawfully stopped payment on a check issued by him and received in payment for a 1966 Chevrolet pick-up truck which proved substantially defective without the opportunity for prior inspection.

E. No facts have been proved by the State of Texas or otherwise presented to support the charge of theft under docket No. 9432 in the District Court of Polk County, Texas as described in proposition No. IV above.

F. A void Indictment was returned against Plaintiff Elijah W. Ratcliff under docket No. 9432 in the District Court of Polk County, Texas as described in proposition No. III above by a racially discriminatory Grand Jury of Polk County, Texas which County during the relevant period did not permit Negro citizens to participate substantively in the Grand Jury or Petit Jury processes.

G. Only token numbers of Negro citizens were permitted to serve on the Grand Jury during the thirty (30 yr.) year period immediately preceding the Term in which the subject Indictment under docket No. 9432 in the District Court of Polk County, Texas, described in proposition Nos. "E" and "F" above, was returned, and none served as commissioners or in any magisterial capacity even though the percentage of Negro citizens residing in Polk County, Texas has never been less than ten (10%) per cent during the described time frame of thirty (30 yrs.) years.

H. The subject docket No. 9432 in the District Court of Polk County, Texas was transferred to the District Court of Montgomery County, Texas and docketed as No. 11,064, while the described Montgomery County, Texas had a similar number of Negro citizens in its population, and its Grand Jury and Petit Jury systems engaged similar racially discriminatory practices to those prevalent in Polk County, Texas during the relevant interim.

I. No Negro citizen was permitted by the instrumentalities of the State of Texas to serve on the petit jury in the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas.

J. Only a token number of Negro citizens were in the array of petit jurors called for prospective service in the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the

Page 10 of 23

District Court of Montgomery County, Texas each of which was stricken through peremptory challenges.

K. No Negro citizen had ever been admitted to a local bar association encompassing either Polk County, Texas or Montgomery County, Texas at the time of the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas.

L. The State Bar of Texas is the legislatively authorized agency of the State of Texas for licensing and disciplining persons with respect to the practice of law within the jurisdiction of the State of Texas, and the agency is headquartered at Austin, Travis County, Texas.

M. An Executive pardon identified as Proclamation No. 83-1 1204 restoring the civil rights of the recipient who was deprived by proceedings under docket No. 11 ,064 in the District Court of Montgomery County, Texas was granted Plaintiff Elijah W. Ratcliff by the Governor of the State of Texas on the 9th day of June, A. D., 1983.

N. The Executive pardon granted Plaintiff Elijah W. Ratcliff on June 9, 1983, Proclamation No. 83-1 1204, by the Governor of the State of Texas was executed because of the fraudulent fabrications which produced and gave rise to the unconstitutional charge and void conviction against Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas on the 24th day of July, A. D., 1972, or thereabouts.

O. In the Decision and the Decision on Appeal of **Director of Practice v Elijah W. Ratcliff**, No. 81-2, in the U. S. Department of the Treasury, the Administrative Law Judge, the Honorable Kenneth L. Travis, and the Counsel to the Secretary of the U. S. Department of the Treasury, the Honorable Margery Waxman, found and decided that the proceedings against Plaintiff Elijah W. Ratcliff in the District Court of Polk County, Texas, docketed as No. 9432,

and in the District Court of Montgomery County, Texas, docketed as No. 11,064, were

fraudulent, illegal and did not merit sanctioning by the U. S. Department of the Treasury.

P. The State Bar of Texas sent written correspondence to Plaintiff Elijah W. Ratcliff

in February of 1977 responding to a tender of dues by the described Plaintiff Elijah W. Ratcliff,

indicating that Plaintiff was disbarred by virtue of the fraudulent and void judgment of

conviction described in propositions numbered "M," "N," and "O" above.

Q. Plaintiff Elijah W. Ratcliff had not received any notification of a disbarment order

with reference to him prior to February of 1977.

R. Following the month of February, 1977, Plaintiff Elijah W. Ratcliff promptly and

exhaustively engaged attorney reinstatement proceedings based upon the "fraudulently

fabricated" and void character of the judgment of conviction relied upon by the State Bar of

Texas.

S. Plaintiff Elijah W. Ratcliff periodically repeated his attorney reinstatement efforts

in a timely manner including pleadings filed conforming to the State Bar Rules, and particularly

Sections 32 and 33 thereof.

T. Plaintiff Elijah W. Ratcliff is or has been during his professional tenure an investor,

manager, shareholder or multiple interest holder in the following entities, to wit:

1.    Riverside Professional Pharmacy (Inc.), EID No. 74-1646 126;

2.    Lake Livingston Washateria (Inc.), EID No. 74-1688667;

3.    Dunbar Resources-Livingston, Inc., EID No. 74-1950838;

4.    Lake Livingston Realty, Inc., EID No. 74-2010800;

5.    Lake Livingston Taxicab, EID No. 74-1688667; and

6.    Dunbar Bonding Service, EID No. 74-1950838/74-2010800.

U. An original disbarment action with reference to docket No. 11,064 in the District Court of Montgomery County, Texas, which was docketed as No. 943,864 in the District Courts of Harris County, Texas, was removed to the United States District Court wherein Plaintiff Elijah W. Ratcliff's Request for Admissions conforming to the requisites of the **Federal Rules of Civil Procedure**, and the **Texas Rules of Civil Procedure**, was filed following proper service thereof on the State Bar of Texas, but no denial or objection to any proposition of such Request for Admissions was filed or served on Plaintiff Elijah W. Ratcliff effecting an admission of controlling facts encompassed therein, to wit:

1.    Proposition No. I of such Request for Admissions served on the 10th day of November, A. D., 1973, admitted that Plaintiff Elijah W. Ratcliff did not receive a certain 1966 Chevrolet pick-up truck as suggested by the underlying charge, No. 11,064 in the District Court of Montgomery County, Texas, without the consent of the owner or owners of the vehicle.

2.    Proposition No. II of such Request for Admissions acknowledges that no fraud on the part of Plaintiff Elijah W. Ratcliff attended the circumstances under which possession of the subject vehicle was obtained by the described Plaintiff.

3.    Propositions No. III and IV of such Request for Admissions acknowledge that the subject vehicle had not qualified for vehicle inspection approval before the transaction with Plaintiff Elijah W. Ratcliff, and such 1966 Chevrolet pick-up was in a defective state when delivered to such Plaintiff.

4.    Propositions No. V and No. VI of the subject Request for Admissions establish that no demand was ever made for Plaintiff Elijah W. Ratcliff to return the subject vehicle to the

seller, and that such seller would not entertain rescission of the purchase agreement when requested by the buyer, Plaintiff Elijah W. Ratcliff.

5. Proposition No. VII of such Request for Admissions establishes that the banking account upon which the check was drawn in payment of the subject motor vehicle was solvent at all times relevant to the subject litigation, civil and criminal.

6. Proposition No. VIII of the subject Request for Admissions shows that complainant in the underlying criminal litigation, Helton-Hodges Motor Company, was an experienced dealership with more than ten (10 yrs.) years duration in its Livingston, Texas Ford Motor Company franchise.

7. Propositions No. IX and No. X of such Request for Admissions establish the void nature and effect of the subject conviction from the District Court of Montgomery County, Texas, No. 11,064, and the District Court of Polk County, Texas, No. 9432, relied upon by the State Bar of Texas to sustain its disbarment action under docket No. 943,864, in the District Courts of Harris County, Texas.

V. In spite of Plaintiff's duly repeated and exhaustive efforts to attain reinstatement of his Texas attorney status, the State Bar of Texas has declined to address the legal and Constitutional issues raised by Plaintiff Elijah W. Ratcliff, and it has steadfastly effected a refusal of the petitioned reinstatement.

W. No corroborating evidence was offered by the State Bar of Texas before the District Courts of Harris County, Texas, No. 943,864, nor was any evidence admitted before any other court to support the alleged conviction relied upon to obtain the contested disbarment edict except the face of a void instrument which was, also, hearsay evidence warranting Fourteenth

Amendment due process clarification in conjunction with its function, purporting to be a judgment of conviction from the District Court of Montgomery County, Texas, No. 11,064.

X. An arbitrary or unreasonable quantitative limitation may not be placed on instances in which an attorney may seek reinstatement under the Federal Constitution.

Y. The doctrine of res judicata has no routine application to attorney reinstatement proceedings.

Z. A void conviction without other incriminating evidence will not support a judgment of disbarment under scrutiny of **United States Code, Const. Amend. XIV**.

AA. Baseless dilatory objections are not sustainable to deny a request for admissions the sanctions prescribed by the Rules of Civil Procedure, as in effect pertinent to the proceedings under docket No. 943,864 in the District Courts of Harris County, Texas, and the pertinent Federal removal docket.

BB. Incomplete representations attributable to the State Bar of Texas with respect to Plaintiff Elijah W. Ratcliff's attorney status were exhaustively disseminated to sources accessible by and affecting such Plaintiffs prospective legal clients, business investors, academic associates and economic facilities.

CC. Plaintiff Elijah W. Ratcliff has encountered an effort by elements of the State Bar of Texas to diminish his domain and capacity for the practice of law apparently beginning in February of 1974, and notoriously continuing to the present time as admitted by operation of law applied to requests for admissions served on the State Bar of Texas and the State of Texas under docket No. 88-CV-1098 (C.R.R.) in the United States District Court for the District of Columbia on the 31st day of July, A. D., 1988, exhibited in the appellate record at pp 19-28 in Elijah W.

Ratcliff vs State Bar of Texas, an Agency of the State of Texas, and the State of Texas, No. 88-7267, in the United States Court of Appeals for the District of Columbia Circuit, from orders of the United States District Court for the District of Columbia.

DD.  Plaintiff Elijah W. Ratcliff has netted no income tax liability resulting from gross receipts exceeding the amount of his withholdings.

EE.  Plaintiff Elijah W. Ratcliff has netted no outstanding or absolute income tax liability resulting from gross receipts for any taxable year under the Internal Revenue Code and revenue laws of the United States of America.

FF.  Dunbar Resources-Livingston, Inc., an entity in whose behalf Plaintiff submitted applications to participate in the Internal Revenue Service Electronic Filing program, has no current outstanding Federal income tax liability, nor has such entity had income tax liability at any time pertinent to any year, or the immediate litigation.

GG.  Plaintiff Elijah W. Ratcliff was wrongfully indicted and convicted of offenses alleging threats and intimidation of an Internal Revenue Service Officer under docket No. H-CR-88-28 in the United States District Court for the Southern District of Texas, Houston Division, arising out of the fallacious interpretations by Treasury Department officials, agents, prosecutors and judges in geographical proximity with Houston, Texas of such Plaintiff's lawful exercise of his rights to freedom of speech in subordination by such Treasury Department officials, agents, prosecutors and judges to elements of the State Bar of Texas preoccupied with the concealment of judicial bias and prejudice related to the proceedings, including the Federal removal aspect, identified in propositions Numbered "D" through "N" of the "Facts of the Case" above, comprising admissions by operation of **Fed. Rules Civ. Proc., Rule 36, 28 U.S.C.A.**

HH. Elements of the State Bar of Texas intent on demeaning Plaintiff Elijah W. Ratcliff as an attorney, business consultant and tax preparer wrongfully influenced personnel in the Houston and Austin District offices of the Internal Revenue Service to engage violations of such Plaintiffs civil rights beginning in or about the calendar year 1980 and continuing through more than a decade.

II. Arbitrary, unreasonable and capricious action attributable to personnel within the Houston District Office of the Internal Revenue Service adopted and effectively sanctioned fraudulent conduct by elements of the State Bar of Texas involving libelous misrepresentations pertinent to this proceeding on or about the 31st day of July, 1989, in violation of the Civil Rights of Plaintiff as guaranteed by **United States Code, Const. Amend. XIV**.

JJ. Plaintiff has never been afforded a plenary hearing honoring due process standards or an opportunity to negate the fabrications or findings relied upon preliminary to the agency decision pertinent hereto.

KK. Plaintiff is currently denied and cannot enforce in the Courts of the State of Texas his rights under the Constitution and laws of the United States as fabricated and maintained in the District Court of Polk County, Texas, docket No. 18,176.

LL. The reasonable calculation of economic injury to the professional status, investments and good will of Plaintiff Elijah W. Ratcliff arising out of Civil Rights abuses and libelous misrepresentations pertinent to this proceeding by virtue of the arbitrary, capricious and unreasonable actions by elements of the State Bar of Texas inconsistent with Texas Executive Proclamation No. 83-11204 and the Decision as well as the Decision on Appeal in proceeding No. 81-2 in the U. S. Department of the Treasury amounts to Ten million five

hundred thousand ($10,500,000.00) dollars.

## OVERT UNLAWFUL DETENTION AND OBSTRUCTION
## OF JUSTICE MERITING TEMPORARY RESTRAINING ORDER

MM.    On the 18th day of June, 2007, or thereabouts, Respondent Elizabeth Evelyn

Coker (Evans), who is the Presiding Judge of the 258th Judicial District of Texas and a resident

of Trinity County, Texas, did unlawfully and intentionally interfere corruptly with the fair

administration of justice within the jurisdiction of the United States of America, and the United

States District Court for the District of Columbia, and continues to engage a repetitious series of

acts and misconduct exhibited by the record of administrative and personal actions under docket

Nos. 18,176 and 18,177, in the District Court of Polk County, Texas, culminated by her actions

in presenting or causing to be presented to Complainant, the date of July 3, 2007, as an

appropriate date for Complainant to "request" and obtain a setting for hearing a motion in a civil

action under docket No. 22,975, before the same Court, with the intent and purpose of executing

a fraudulently based warrant to secure the arrest and detention of Complainant and prevent him

from complying with a deadline set by the Office of the Clerk of the Supreme Court of the

United States on Petition for Writ of Certiorari to the United States Court of Appeals for the Fifth

Circuit, U.S.C.A. 5th Cir. No. 06-40528, and the said Elizabeth Evelyn Coker (Evans) did further

unlawfully and intentionally interfere corruptly with the fair administration of justice within the

jurisdiction of the United States of America, and the United States District Court for the District

of Columbia, and did continue to engage  repetitious acts and misconduct exhibited by the record

of administrative and personal actions under docket Nos. 18,176 and 18,177, and did carry to

effect the above described administrative and personal unlawful arrest, detention and

imprisonment of Complainant on the 3rd day of July, 2007, at the 9:30 A.M. Docket Call, without notice, which corrupt and unlawful interference with and obstruction of the fair administration of justice has not ceased to the present time.

WHEREFORE, premises considered, Complainant prays that Respondents be cited to appear and answer the allegations against them herein, and that Complainant be awarded Judgment against Respondents for actual damages in excess of Eleven million ($11,000,000.00) dollars; punitive damages in an amount to be determined by the Court; a temporary restraining Order against Respondent Elizabeth Evelyn Coker (Evans) and all Respondent enjoining further implementation of the **CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE** as described above; a preliminary injunction followed by permanent injunctive relief; entitlement to the subject realty at 108 Starghill in Livingston, Polk County, Texas 77351, together with the improvements thereon; as is due against Respondents, jointly and severally, or vicariously, as appears justified by the evidence adduced, arising out of the unprofessional, inaccurate, mis-representative and overbearing misconduct engaged by Respondents, as depicted above; in addition to interest and exemplary compensation; costs of court, including the reasonable expenses of preparing and litigating the subject proceeding; and such other and further relief, legal and equitable, to which Complainant is shown justly entitled.

Respectfully submitted this 27th day of August, 2007.

_____
COMPLAINANT

Page 19 of 23

Elijah W. Ratcliff
P. 0. Box 862
Livingston, Texas 7735 1-0862
Ph. 936 327-7108
State Bar No. 16559000

STATE OF TEXAS      §
                             §          **AFFIDAVIT OF VERACITY**

COUNTY OF HARRIS     §


The undersigned AFFIANT states under penalties of perjury that each of the matters set forth in the attached and foregoing **MOTION FOR LEAVE TO APPEAR AND FILE PLAINTIFF'S ORIGINAL COMPLAINT OF CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE** is within his personal knowledge true and correct, and each of the documents attached hereto, or files referenced hereby, are authentic and comprise the original or a true and verified copy of the instrument or file it purports to comprise.


_____
AFFIANT

Elijah W. Ratcliff,
Consultant
P. O. Box 862
Livingston, Texas 77351
Ph. 936 327-7108
State Bar No. 16559000


SWORN TO AND SUBSCRIBED BEFORE me this 27th day of August, 2007.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



JODI D. McGIBNEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 12-08-2007

## AFFIDAVIT OF SERVICE

The undersigned Affiant certifies under penalties of perjury as if executed before a proper

Notary Public that a copy of the foregoing **MOTION FOR LEAVE TO APPEAR AND FILE**

**PLAINTIFF'S ORIGINAL COMPLAINT OF CIVIL RIGHTS ABUSES, UNLAWFUL**

**DETENTION AND OBSTRUCTION OF JUSTICE** was served by first class United States

Mail herein addressed to:

Hon. Lee Hon
District Attorney
Polk County Court House
Livingston, Texas 77351;

Hon. Hao P. Le, Attorney
Office of the Attorney General
300 W. 15th Street, 10th Floor
Austin, TX 78701
Ph. 512 463-2120
Fax: Ph. 512-320-0667;

Hon. Dudley Page McClellan
State Bar of Texas
Office of the General Counsel
P0 Box 12487
Austin, TX 78711-2487
Ph. 800 204 2222 Ext. 1555
Fax Ph. 512-936-2267;

Hon. Robert Scott Davis
Flowers Davis
1021 E.S.E. Loop 323, Suite 200
Tyler, TX 75701
Ph. 903 534 8063
Fax Ph. 903-534-1650

RITCHESON, LAUFFER, VINCENT & DUKES, P.C.
Attn: Charles E. Lauffer, Jr.

Page 22 of 23

Bank of America Southeast Center
3301 Golden Road, Suite 400
Tyler, Texas 75701
Ph. 903 535-2900
Fax Ph. 903 533-8646,

this 27th day of August, 2007.

AFFIANT

07-1573
RBW

**CIVIL COVER SHEET**

JS-44
(Rev. 1/05 DC)

**(a) PLAINTIFFS**

ELIJAH W. RATCLIFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** EVELYN COKER, ET AL
Elizabeth
STATE OF TEXAS, ET AL.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Travis TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
1000 North Bois d'Arc, PMB 862
Livingston TX 77351
See Original Complaint & Affidavit
936-327-7108

Case: 1:07-cv-01593
Assigned To : Walton, Reggie B.
Assign. Date : 9/7/2007
Description: PI/Malpractice

it

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☒ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☒ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V.** ☑ **ORIGIN**

| ☑ **1** Original Proceeding | ☐ **2** Removed from State Court | ☐ **3** Remanded from Appellate Court | ☐ **4** Reinstated or Reopened | ☐ **5** Transferred from another district (specify) | ☐ **Multi district Litigation** | ☐ **7** Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC ¶¶ 1443, 1446(c)(3) and (e), 1447(d), 1651,(1291 on Appeal) et a

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** $11,000,000.00 | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES  ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☑ YES ☐ NO If yes, please complete related case form.
No. 9:05CV00070, USDC ED TX, Lufkin

DATE 09/01/2011   SIGNATURE OF ATTORNEY OF RECORD *Elija W. Cabel?*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.