NO. **07- 1593 RBW**

| | |
|---|---|
| ELIJAH W. RATCLIFF, <br> MOVANT-COMPLAINANT <br> VS <br> ELIZABETH EVELYN COKER (EVANS); <br> INDYMAC BANK, F.S.B. AS SUCCESSOR <br> IN INTEREST TO INDYMAC MORTGAGE <br> HOLDINGS INC., F/K/A INMC MORTGAGE <br> HOLDINGS, INC., STATE OF TEXAS; <br> STATE BAR OF TEXAS; EXECUTIVE <br> DIRECTOR OF THE STATE BAR OF TEXAS; <br> KENNETH HAMMACK, SHERIFF, POLK <br> COUNTY, TEXAS; AND CLEBURNE <br> SWILLEY, <br> RESPONDENTS | IN THE UNITED STATES <br> DISTRICT COURT FOR <br> THE DISTRICT OF COLUMBIA |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA AND DEFENDANTS HEREIN:

Complainant, Elijah W. Ratcliff, moves the Court for a Temporary Restraining Order in addition to a Preliminary Injunction in the above entitled cause to facilitate the administrations of justice, and for more specific reasons appearing in the Complaint and hereinafter, to wit:

### JURISDICTION

The action arises under **United States Code, Const. Amends. I, V and XIV**. Such action arises, furthermore, under **Title 28, United States Code, Sections 1331, 1332(a)(1), 1343, 1367, 1391(b)(2), 1443(1) and (2) and 1447(d); and Title 42, United States Code, Sections**

**1981, 1982, 1983, 1985 and 1988.** State statutory standards further defining the jurisdiction of the United States District Court are **V.T.C.A. Bus. & C. § 2.721; V.T.C.A. Civ. Prac. & Rem. §§ 34.061, 34.062, 71.021 and 73.001; and V.T.C.A. Finance Code §§ 347.402 and 347.404** , as well as other related common law principles of torts, hereinafter set forth.

I

Elijah W. Ratcliff, a Registered Voter at 250 W. 43rd Street in New York City as a Citizen of the State of New York, and Elijah W. Ratcliff: "the Unknown Occupants of the Manufactured Home Located at 108 Starghill, Livingston, Texas 77351," who may be served with legal process in the State of Texas at 1000 West Street, P. 0. Box 862, Livingston, Polk County, Texas 77351, hereinafter referred to as Complainant, hereby submits a cause of action for a temporary restraining Order, a preliminary injunction, compensation and permanent injunctive relief against ELIZABETH EVELYN COKER (EVANS), who is the Presiding Judge of the 258th Judicial District of Texas and a resident of Trinity County, Texas who may be served with legal process at 92 E. Westwood Drive in the City of Trinity, Texas 75862-8892; "INDYMAC BANK, F.S.B. AS SUCCESSOR IN INTEREST TO INDYMAC MORTGAGE HOLDiNGS JNC; F/K/A INMC MORTGAGE", hereinafter referred to as Respondent Banks, who may be served with legal process through the Secretary of State of the State of Texas at Austin, Travis County Texas, or one or more roving agents in the State of Texas including service on the related party: Indymac Mortgage Holdings, Inc., via:

Prentice-Hall Corporation System, Inc.

II

Complainant, alleges, further, a pattern of discrimination against him by the Office of the

Sheriff of Polk County, Texas, which position is currently held by Respondent Kenneth

Hammack, who may be served with legal process at 1733 North Washington in Livingston, Polk

County, Texas 77351, hereinafter referred to as Respondent Sheriff; Clebume Swilley, who may

be served with legal process in Livingston, Polk County, Texas 77351, hereinafter referred to as

Respondent Deputy; the Executive Director of the State Bar of Texas and State Bar of Texas, an

agency of the State of Texas, which may both be served with legal process at the State Bar

Headquarters Building in Austin, Travis County, Texas 78711, through its Chief Disciplinary

Counsel or Executive Director; and Complainant further names the State of Texas, which may be

served with legal process herein through the Secretary of State at Austin, Travis County, Texas

78711.

## STATEMENT OF FACTS

### III

Complainant has for more that twenty (20) years maintained a bail bonding business with

Offices at 1000 W. West Street in Livingston, Polk County, Texas which has been continuously

disadvantaged and deprived of its property rights in contravention of **Article I, Section 19, of the**

**Texas Constitution**, and the **Fourteenth Amendment to the United States Constitution**, by

recalcitrance and vindictiveness of personnel in the Office of the Sheriff of Polk County, Texas,

with respect to the acceptance of duly submitted bail bonding instruments from Complainant

including good and sufficient sureties in behalf of various and sundry accused parties as such

bonds were set by the described Office of the Sheriff and other judicial and magisterial officials,

and Complainant is entitled to recover proper equitable compensation and injunctive relief

against the Executive-Director of the State Bar of Texas, and the State Bar of Texas, an agency of

the State of Texas, which State Bar Respondents facilitated, enabled and further engaged in the wrongful conduct giving rise to the immediate Complaint.

IV

Complainant has been organized to engage in the business of bail bonding in Livingston, Polk County, Texas at relevant times preliminary to this proceeding, and he has been duly and currently authorized to utilize and encumber property of Dunbar Resources-Livingston. Inc., and Lake Livingston Realty, Inc., both being Texas small business corporations with offices at 1000 W. West Street in Livingston, Polk County, Texas, as well as property of his own.

V

Complainant repetitiously made application to present bail bonds to Respondent Sheriff to obtain and secure the release on bail of accused individuals in the Polk County, Texas Jail, and otherwise, but Respondents, jointly and severally, unreasonably, unconstitutionally and illegally, circumvented the rights of Complainant and the detained persons, giving rise to the immediate cause of action.

VI

Complainant was entitled to compensation from Defendants Sheriff and Deputy in excess of One million five hundred thousand ($1,500,000.00) dollars as its pertinent business capacities have been substantially injured by the unprofessional, reckless, inaccurate, mis-representative conduct on the part of Respondents, jointly and severally, in an amount exceeding the minimum jurisdictional limits of this Court.

VII

Respondent-Banks reside in or are organized under the laws of the State of California and

the State of Michigan.

### VIII

In conjunction with one Abner Rives, Respondent Banks and their associates, deceptively trespassed on premises possessed by and within the custody and control of Complainant, and such parties did defame and desecrate Complainant's business interests and wrongfully interfere with an advantageous relationship on or about the 1st day of June, 1998, by influencing one Carla D. Franklin and one Sam Wilson, who were then under contract to lease a mobile home on the premises at 108-A Starghill, Livingston, Polk County, Texas, from Complainant, to vandalize and desecrate the subject premises resulting in property damage incurred by Complainant in addition to entailing preoccupation with defending the premises against vandalism and desecration.

### IX

Complainant had no knowledge of any individual or other person with the name "Abner L. Rives," prior to litigation with Respondents during the calendar year 2002, but it is reasoned that such individual is the catalyst utilized by Respondents to effect the scheme to defame and desecrate Complainant's property interests by fabricating a "credit worthy" status for the previously described Carla D. Franklin and Sam Wilson without notifying Complainant of their activities and proposals or otherwise making Complainant privy to their intrusions.

### X

Respondent-Banks through their Counsel have engaged abuse of the legal process, and subjected Complainant to service of Citation and fraudulently fabricated writs of execution by officials from the Office of the Sheriff of Polk County, Texas, including Respondent Deputy, on

multiple occasions yet Respondents have failed to indicate any chain, favoring Respondents, or either of them, of a perfected security interest, or possessory interest, in any property at 108-A or 108-B Starghill in Livingston, Polk County, Texas, preliminary to the immediate encroachments.

XI

Complainant was not a party to any agreement or note involving any obligation to make any payment to Respondents, or either associated Respondent, and Respondents have not indicated any basis for delaying any alleged remedy arising out of any alleged default by the described Carla D. Franklin and Sam Wilson prior to the immediate litigation, commenced during the calendar year 2002, and, related thereto, Complainant asserts further injury arising from the described lingering misconduct.

**RESPONSE TO ALLEGED CAUSES OF ACTION**

XII

Complainant has not been a party to any promissory note involving Respondents, or either associate or predecessor, invoking jurisdiction under the **Texas Business and Commerce Code** or the **Texas Finance Code**, or otherwise.

XIII

No conditions known to Complainant have been performed, executed or promised by Respondents, or either of them, invoking authority for the described trespass on the premises of Complainant at 108-A or 108-B Starghill in Livingston, Polk County, Texas.

XIV

Respondent Banks corruptly failed to intelligibly present, discuss or negotiate the subject alleged transaction or cause of action with Complainant, thereby, setting a framework and

condition for the extensive tortious conduct which they have committed as related above.

### FACTS OF THE CASE

A.  Plaintiff Elijah W. Ratcliff is  an individual who was admitted to practice law in all the courts of the State of Texas, following successful negotiation of the State Bar Examination, on the 17th day of September, A. D., 1962, as a graduate of the Texas Southern University School of Law at Houston, Texas.

B.  Dunbar Resources is an assumed name utilized by Plaintiff Elijah W. Ratcliff in his varied business endeavors which entity has never been incorporated under the laws of the State of Texas or any other jurisdiction.

C.  Lake Livingston Realty, Inc, and Dunbar Resources-Livingston, Inc., are entities conforming to the laws of the State of Texas and doing business at all times pertinent to this proceeding at P. 0. Box 862, Livingston, Texas 77351.

D.  Plaintiff was charged during the calendar year 1971 with the offense of theft by the State of Texas under docket No. 9432 in the District Court of Polk County, Texas because he lawfully stopped payment on a check issued by him and received in payment for a 1966 Chevrolet pick-up truck which proved substantially defective without the opportunity for prior inspection.

E.  No facts have been proved by the State of Texas or otherwise presented to support the charge of theft under docket No. 9432 in the District Court of Polk County, Texas as described in proposition No. IV above.

F.  A void Indictment was returned against Plaintiff Elijah W. Ratcliff under docket No. 9432 in the District Court of Polk County, Texas as described in proposition No. III above by a

Page 7 of  20

racially discriminatory Grand Jury of Polk County, Texas which County during the relevant period did not permit Negro citizens to participate substantively in the Grand Jury or Petit Jury processes.

G. Only token numbers of Negro citizens were permitted to serve on the Grand Jury during the thirty (30 yr.) year period immediately preceding the Term in which the subject Indictment under docket No. 9432 in the District Court of Polk County, Texas, described in proposition Nos. "E" and "F" above, was returned, and none served as commissioners or in any magisterial capacity even though the percentage of Negro citizens residing in Polk County, Texas has never been less than ten (10%) per cent during the described time frame of thirty (30 yrs.) years.

H. The subject docket No. 9432 in the District Court of Polk County, Texas was transferred to the District Court of Montgomery County, Texas and docketed as No. 11,064, while the described Montgomery County, Texas had a similar number of Negro citizens in its population, and its Grand Jury and Petit Jury systems engaged similar racially discriminatory practices to those prevalent in Polk County, Texas during the relevant interim.

I. No Negro citizen was permitted by the instrumentalities of the State of Texas to serve on the petit jury in the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas.

J. Only a token number of Negro citizens were in the array of petit jurors called for prospective service in the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas each of which was stricken through peremptory challenges.

K. No Negro citizen had ever been admitted to a local bar association encompassing either Polk County, Texas or Montgomery County, Texas at the time of the trial of Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas.

L. The State Bar of Texas is the legislatively authorized agency of the State of Texas for licensing and disciplining persons with respect to the practice of law within the jurisdiction of the State of Texas, and the agency is headquartered at Austin, Travis County, Texas.

M. An Executive pardon identified as Proclamation No. 83-1 1204 restoring the civil rights of the recipient who was deprived by proceedings under docket No. 11 ,064 in the District Court of Montgomery County, Texas was granted Plaintiff Elijah W. Ratcliff by the Governor of the State of Texas on the 9th day of June, A. D., 1983.

N. The Executive pardon granted Plaintiff Elijah W. Ratcliff on June 9, 1983, Proclamation No. 83-1 1204, by the Governor of the State of Texas was executed because of the fraudulent fabrications which produced and gave rise to the unconstitutional charge and void conviction against Plaintiff Elijah W. Ratcliff under docket No. 11,064 in the District Court of Montgomery County, Texas on the 24th day of July, A. D., 1972, or thereabouts.

O. In the Decision and the Decision on Appeal of **Director of Practice v Elijah W. Ratcliff,** No. 81-2, in the U. S. Department of the Treasury, the Administrative Law Judge, the Honorable Kenneth L. Travis, and the Counsel to the Secretary of the U. S. Department of the Treasury, the Honorable Margery Waxman, found and decided that the proceedings against Plaintiff Elijah W. Ratcliff in the District Court of Polk County, Texas, docketed as No. 9432, and in the District Court of Montgomery County, Texas, docketed as No. 11,064, were fraudulent, illegal and did not merit sanctioning by the U. S. Department of the Treasury.

P. The State Bar of Texas sent written correspondence to Plaintiff Elijah W. Ratcliff in February of 1977 responding to a tender of dues by the described Plaintiff Elijah W. Ratcliff, indicating that Plaintiff was disbarred by virtue of the fraudulent and void judgment of conviction described in propositions numbered "M," "N," and "O" above.

Q. Plaintiff Elijah W. Ratcliff had not received any notification of a disbarment order with reference to him prior to February of 1977.

R. Following the month of February, 1977, Plaintiff Elijah W. Ratcliff promptly and exhaustively engaged attorney reinstatement proceedings based upon the "fraudulently fabricated" and void character of the judgment of conviction relied upon by the State Bar of Texas.

S. Plaintiff Elijah W. Ratcliff periodically repeated his attorney reinstatement efforts in a timely manner including pleadings filed conforming to the State Bar Rules, and particularly Sections 32 and 33 thereof.

T. Plaintiff Elijah W. Ratcliff is or has been during his professional tenure an investor, manager, shareholder or multiple interest holder in the following entities, to wit:

1. Riverside Professional Pharmacy (Inc.), EID No. 74-1646 126;

2. Lake Livingston Washateria (Inc.), EID No. 74-1688667;

3. Dunbar Resources-Livingston, Inc., EID No. 74-1950838;

4. Lake Livingston Realty, Inc., EID No. 74-2010800;

5. Lake Livingston Taxicab, EID No. 74-1688667; and

6. Dunbar Bonding Service, EID No. 74-1950838/74-2010800.

U. An original disbarment action with reference to docket No. 11,064 in the District

Court of Montgomery County, Texas, which was docketed as No. 943,864 in the District Courts

of Harris County, Texas, was removed to the United States District Court wherein Plaintiff Elijah

W. Ratcliff's Request for Admissions conforming to the requisites of the **Federal Rules of Civil**

**Procedure**, and the **Texas Rules of Civil Procedure**, was filed following proper service

thereof on the State Bar of Texas, but no denial or objection to any proposition of such Request

for Admissions was filed or served on Plaintiff Elijah W. Ratcliff effecting an admission of

controlling facts encompassed therein, to wit:

1.      Proposition No. I of such Request for Admissions served on the 10th day of

November, A. D., 1973, admitted that Plaintiff Elijah W. Ratcliff did not receive a certain

1966 Chevrolet pick-up truck as suggested by the underlying charge, No. 11,064 in the District

Court of Montgomery County, Texas, without the consent of the owner or owners of the vehicle.

2.      Proposition No. II of such Request for Admissions acknowledges that no fraud on

the part of Plaintiff Elijah W. Ratcliff attended the circumstances under which possession of the

subject vehicle was obtained by the described Plaintiff.

3.      Propositions No. III and IV of such Request for Admissions acknowledge that the

subject vehicle had not qualified for vehicle inspection approval before the transaction with

Plaintiff Elijah W. Ratcliff, and such 1966 Chevrolet pick-up was in a defective state when

delivered to such Plaintiff.

4.      Propositions No. V and No. VI of the subject Request for Admissions establish

that no demand was ever made for Plaintiff Elijah W. Ratcliff to return the subject vehicle to the

seller, and that such seller would not entertain rescission of the purchase agreement when

requested by the buyer, Plaintiff Elijah W. Ratcliff.

5.    Proposition No. VII of such Request for Admissions establishes that the banking account upon which the check was drawn in payment of the subject motor vehicle was solvent at all times relevant to the subject litigation, civil and criminal.

6.    Proposition No. VIII of the subject Request for Admissions shows that complainant in the underlying criminal litigation, Helton-Hodges Motor Company, was an experienced dealership with more than ten (10 yrs.) years duration in its Livingston, Texas Ford Motor Company franchise.

7.    Propositions No. IX and No. X of such Request for Admissions establish the void nature and effect of the subject conviction from the District Court of Montgomery County, Texas, No. 11,064, and the District Court of Polk County, Texas, No. 9432, relied upon by the State Bar of Texas to sustain its disbarment action under docket No. 943,864, in the District Courts of Harris County, Texas.

V.  In spite of Plaintiff's duly repeated and exhaustive efforts to attain reinstatement of his Texas attorney status, the State Bar of Texas has declined to address the legal and Constitutional issues raised by Plaintiff Elijah W. Ratcliff, and it has steadfastly effected a refusal of the petitioned reinstatement.

W.  No corroborating evidence was offered by the State Bar of Texas before the District Courts of Harris County, Texas, No. 943,864, nor was any evidence admitted before any other court to support the alleged conviction relied upon to obtain the contested disbarment edict except the face of a void instrument which was, also, hearsay evidence warranting Fourteenth Amendment due process clarification in conjunction with its function, purporting to be a judgment of conviction from the District Court of Montgomery County, Texas, No. 11,064.

X. An arbitrary or unreasonable quantitative limitation may not be placed on instances in which an attorney may seek reinstatement under the Federal Constitution.

Y. The doctrine of res judicata has no routine application to attorney reinstatement proceedings.

Z. A void conviction without other incriminating evidence will not support a judgment of disbarment under scrutiny of **United States Code, Const. Amend. XIV**.

AA. Baseless dilatory objections are not sustainable to deny a request for admissions the sanctions prescribed by the Rules of Civil Procedure, as in effect pertinent to the proceedings under docket No. 943,864 in the District Courts of Harris County, Texas, and the pertinent Federal removal docket.

BB. Incomplete representations attributable to the State Bar of Texas with respect to Plaintiff Elijah W. Ratcliff's attorney status were exhaustively disseminated to sources accessible by and affecting such Plaintiffs prospective legal clients, business investors, academic associates and economic facilities.

CC. Plaintiff Elijah W. Ratcliff has encountered an effort by elements of the State Bar of Texas to diminish his domain and capacity for the practice of law apparently beginning in February of 1974, and notoriously continuing to the present time as admitted by operation of law applied to requests for admissions served on the State Bar of Texas and the State of Texas under docket No. 88-CV- 1098 (C.R.R.) in the United States District Court for the District of Columbia on the 31st day of July, A. D., 1988, exhibited in the appellate record at pp 19-28 in Elijah W. Ratcliff vs State Bar of Texas, an Agency of the State of Texas, and the State of Texas, No. 88-7267, in the United States Court of Appeals for the District of Columbia Circuit, from orders of

the United States District Court for the District of Columbia.

DD.  Plaintiff Elijah W. Ratcliff has netted no income tax liability resulting from gross receipts exceeding the amount of his withholdings.

EE.  Plaintiff Elijah W. Ratcliff has netted no outstanding or absolute income tax liability resulting from gross receipts for any taxable year under the Internal Revenue Code and revenue laws of the United States of America.

FF.  Dunbar Resources-Livingston, Inc., an entity in whose behalf Plaintiff submitted applications to participate in the Internal Revenue Service Electronic Filing program, has no current outstanding Federal income tax liability, nor has such entity had income tax liability at any time pertinent to any year, or the immediate litigation.

GG.  Plaintiff Elijah W. Ratcliff was wrongfully indicted and convicted of offenses alleging threats and intimidation of an Internal Revenue Service Officer under docket No. H-CR-88-28 in the United States District Court for the Southern District of Texas, Houston Division, arising out of the fallacious interpretations by Treasury Department officials, agents, prosecutors and judges in geographical proximity with Houston, Texas of such Plaintiff's lawful exercise of his rights to freedom of speech in subordination by such Treasury Department officials, agents, prosecutors and judges to elements of the State Bar of Texas preoccupied with the concealment of judicial bias and prejudice related to the proceedings, including the Federal removal aspect, identified in propositions Numbered "D" through "N" of the "Facts of the Case" above, comprising admissions by operation of **Fed. Rules Civ. Proc., Rule 36, 28 U.S.C.A.**

HH.  Elements of the State Bar of Texas intent on demeaning Plaintiff Elijah W. Ratcliff as an attorney, business consultant and tax preparer wrongfully influenced personnel

in the Houston and Austin District offices of the Internal Revenue Service to engage violations of such Plaintiffs civil rights beginning in or about the calendar year 1980 and continuing through more than a decade.

II. Arbitrary, unreasonable and capricious action attributable to personnel within the Houston District Office of the Internal Revenue Service adopted and effectively sanctioned fraudulent conduct by elements of the State Bar of Texas involving libelous misrepresentations pertinent to this proceeding on or about the 31st day of July, 1989, in violation of the Civil Rights of Plaintiff as guaranteed by **United States Code, Const. Amend. XIV**.

JJ. Plaintiff has never been afforded a plenary hearing honoring due process standards or an opportunity to negate the fabrications or findings relied upon preliminary to the agency decision pertinent hereto.

KK. Plaintiff is currently denied and cannot enforce in the Courts of the State of Texas his rights under the Constitution and laws of the United States as fabricated and maintained in the District Court of Polk County, Texas, docket No. 18,176.

LL. The reasonable calculation of economic injury to the professional status, investments and good will of Plaintiff Elijah W. Ratcliff arising out of Civil Rights abuses and libelous misrepresentations pertinent to this proceeding by virtue of the arbitrary, capricious and unreasonable actions by elements of the State Bar of Texas inconsistent with Texas Executive Proclamation No. 83-11204 and the Decision as well as the Decision on Appeal in proceeding No. 81-2 in the U. S. Department of the Treasury amounts to Ten million five hundred thousand ($10,500,000.00) dollars.

### OVERT UNLAWFUL DETENTION AND OBSTRUCTION

## OF JUSTICE MERITING INJUNCTIVE RELIEF

MM.    On the 18th day of June, 2007, or thereabouts, Respondent Elizabeth Evelyn

Coker (Evans), who is the Presiding Judge of the 258th Judicial District of Texas and a resident

of Trinity County, Texas, did unlawfully and intentionally interfere corruptly with the fair

administration of justice within the jurisdiction of the United States of America, and the United

States District Court for the District of Columbia, and continues to engage a repetitious series of

acts and misconduct exhibited by the record of administrative and personal actions under docket

Nos. 18,176 and 18,177, in the District Court of Polk County, Texas, culminated by her actions

in presenting or causing to be presented to Complainant, the date of July 3, 2007, as an

appropriate date for Complainant to "request" and obtain a setting for hearing a motion in a civil

action under docket No. 22,975, before the same Court, with the intent and purpose of executing

a fraudulently based warrant to secure the arrest and detention of Complainant and prevent him

from complying with a deadline set by the Office of the Clerk of the Supreme Court of the

United States on Petition for Writ of Certiorari to the United States Court of Appeals for the Fifth

Circuit, U.S.C.A. 5th Cir. No. 06-40528, and the said Elizabeth Evelyn Coker (Evans) did further

unlawfully and intentionally interfere corruptly with the fair administration of justice within the

jurisdiction of the United States of America, and the United States District Court for the District

of Columbia, and did continue to engage  repetitious acts and misconduct exhibited by the record

of administrative and personal actions under docket Nos. 18,176 and 18,177, and did carry to

effect the above described administrative and personal unlawful arrest, detention and

imprisonment of Complainant on the 3rd day of July, 2007, at the 9:30 A.M. Docket Call,

without notice, which corrupt and unlawful interference with and obstruction of the fair

administration of justice has not ceased to the present time.

WHEREFORE, premises considered, Complainant prays that Respondents be cited to appear and answer the allegations against them herein, and that Complainant be awarded Judgment against Respondents for actual damages in excess of Eleven million ($11,000,000.00) dollars; punitive damages in an amount to be determined by the Court; a temporary restraining Order against Respondent Elizabeth Evelyn Coker (Evans) and all Respondent enjoining further implementation of the **CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE** as described above; a preliminary injunction followed by permanent injunctive relief; entitlement to the subject realty at 108 Starghill in Livingston, Polk County, Texas 77351, together with the improvements thereon; as is due against Respondents, jointly and severally, or vicariously, as appears justified by the evidence adduced, arising out of the unprofessional, inaccurate, mis-representative and overbearing misconduct engaged by Respondents, as depicted above; in addition to interest and exemplary compensation; costs of court, including the reasonable expenses of preparing and litigating the subject proceeding; and such other and further relief, legal and equitable, to which Complainant is shown justly entitled.

Respectfully submitted this 7th day of September, 2007..

_____
COMPLAINANT

Elijah W. Ratcliff
P. 0. Box 862
Livingston, Texas 7735 1-0862
Ph. 936 327-7108
State Bar No. 16559000

STATE OF TEXAS          §
                        §          **AFFIDAVIT OF VERACITY**
COUNTY OF HARRIS        §
                        §


The undersigned AFFIANT states under penalties of perjury that each of the matters set forth in the attached and foregoing **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE** is within his personal knowledge true and correct, and each of the documents attached hereto, or files referenced hereby, are authentic and comprise the original or a true and verified copy of the instrument or file it purports to comprise.


_____
AFFIANT

Elijah W. Ratcliff,
Consultant
P. 0. Box 862
Livingston, Texas 77351
Ph. 936 327-7108
State Bar No. 16559000

## AFFIDAVIT OF SERVICE

The undersigned Affiant certifies under penalties of perjury as if executed before a proper

Notary Public that actual notice of the time of making and a copy of the foregoing

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**

**INJUNCTION AGAINST CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND**

**OBSTRUCTION OF JUSTICE** was served by first class United States Mail herein addressed

to:

Hon. Lee Hon
District Attorney
Polk County Court House
Livingston, Texas 77351;

Hon. Hao P. Le, Attorney
Office of the Attorney General
300 W. 15th Street, 10th Floor
Austin, TX 78701
Ph. 512 463-2120
Fax: Ph. 512-320-0667;

Hon. Dudley Page McClellan
State Bar of Texas
Office of the General Counsel
P0 Box 12487
Austin, TX 78711-2487
Ph. 800 204 2222 Ext. 1555
Fax Ph. 512-936-2267;

Hon. Robert Scott Davis
Flowers Davis
1021 E.S.E. Loop 323, Suite 200
Tyler, TX 75701
Ph. 903 534 8063
Fax Ph. 903-534-1650

Page 19 of 20

RITCHESON, LAUFFER, VINCENT & DUKES, P.C.
Attn: Charles E. Lauffer, Jr.
Bank of America Southeast Center
3301 Golden Road, Suite 400
Tyler, Texas 75701
Ph. 903 535-2900
Fax Ph. 903 533-8646,

this 7th day of September, 2007..

Affiant certifies, further, that copies of all pleadings and papers filed or presented for filing in the action to date, or contemplated for presenting to the Court at a hearing on the subject Motion, have been furnished to the adverse parties as listed above via first class United States Mail.

_____
AFFIANT

NO. _____

| | |
|---|---|
| ELIJAH W. RATCLIFF, | IN THE UNITED STATES |
| COMPLAINANT | DISTRICT COURT FOR THE |
| VS | DISTRICT OF COLUMBIA |
| ELIZABETH EVELYN COKER (EVANS); | |
| INDYMAC BANK, F.S.B. AS SUCCESSOR | |
| IN INTEREST TO INDYMAC MORTGAGE | |
| HOLDINGS INC., F/K/A INMC MORTGAGE | |
| HOLDINGS, INC., STATE OF TEXAS; | |
| STATE BAR OF TEXAS; EXECUTIVE | |
| DIRECTOR OF THE STATE BAR OF TEXAS; | |
| KENNETH HAMMACK, SHERIFF, POLK | |
| COUNTY, TEXAS; AND CLEBURNE | |
| SWILLEY,RESPONDENTS | |

## PRELIMINARY INJUNCTION

The Court considered this the ____ day of September, 2007, the request of Complainant,

Elijah W. Ratcliff, who duly moved the Court for a Preliminary Injunction in the above entitled

and numbered proceeding, and it appearing to the Court following review of the Motion and the

underlying Complaint filed herein, as well as the responses of the adverse parties thereto,

alleging jurisdiction pursuant to **United States Code, Const. Amends. I, V and XIV**, and, **Title**

**28, United States Code, Sections 1331, 1332(a)(1), 1343, 1367, 1391(b)(2), 1443(1) and (2)**

**and 1447(d); and Title 42, United States Code, Sections 1981, 1982, 1983, 1985 and 1988**,

with ancillary jurisdiction attaching to State statutory standards further defining the jurisdiction

of the United States District Court consisting of **V.T.C.A. Bus. & C. § 2.721; V.T.C.A. Civ.**

**Prac. & Rem. §§ 34.061, 34.062, 71.021 and 73.001; and V.T.C.A. Finance Code §§ 347.402**

**and 347.404**, as well as other related common law principles of torts.

I

The Court finds that the Motion and pleadings setting forth that Elijah W. Ratcliff, a

Registered Voter at 250 W. 43rd Street in New York City as a Citizen of the State of New York,

and Elijah W. Ratcliff: "the Unknown Occupants of the Manufactured Home Located at 108

Starghill, Livingston, Texas 77351," who may be served with legal process in the State of Texas

at 1000 W. West Street, P. 0. Box 862, Livingston, Polk County, Texas 77351, Complainant,

effectively submitted a basis for a Preliminary Injunction , and conceivably permanent injunctive

relief and compensation against ELIZABETH EVELYN COKER (EVANS), who is the

Presiding Judge of the 258th Judicial District of Texas and a resident of Trinity County, Texas

who may be served with legal process at 92 E. Westwood Drive in the City of Trinity, Texas

75862-8892; "INDYMAC BANK, F.S.B. AS SUCCESSOR IN INTEREST TO INDYMAC

MORTGAGE HOLDiNGS JNC; F/K/A INMC MORTGAGE", hereinafter referred to as

Respondent Banks, who may be served with legal process through the Secretary of State of the

State of Texas at Austin, Travis County Texas, or one or more roving agents in the State of Texas

including service on the related party: Indymac Mortgage Holdings, Inc., via:

Prentice-Hall Corporation System, Inc.

The Court finds, further, that on the 18th day of June, 2007, Respondent Elizabeth Evelyn

Coker (Evans), who is the Presiding Judge of the 258th Judicial District of Texas and a resident

of Trinity County, Texas, did unlawfully and intentionally interfere corruptly with the fair

administration of justice within the jurisdiction of the United States, and the United States

District Court for the District of Columbia, and continues to engage a repetitious series of acts

and misconduct exhibited by the record of administrative and personal actions under docket Nos.

18,176 and 18,177, in the District Court of Polk County, Texas, culminated by her actions in presenting or causing to be presented to Complainant, the date of July 3, 2007, as an appropriate date for Complainant to "request" and obtain a setting for hearing a motion in a civil action under docket No. 22,975, before the same Court, with the intent and purpose of executing a fraudulently based warrant to secure the arrest and detention of Complainant and prevent him from complying with a deadline set by the Office of the Clerk of the Supreme Court of the United States on Petition for Writ of Certiorari to the United States Court of Appeals for the Fifth Circuit, U.S.C.A. 5th Cir. No. 06-40528, and the said Elizabeth Evelyn Coker (Evans) did further unlawfully and intentionally interfere corruptly with the fair administration of justice within the jurisdiction of the United States, and the United States District Court for the District of Columbia, and did continue to engage  repetitious acts and misconduct exhibited by the record of administrative and personal actions under docket Nos. 18,176 and 18,177, and did carry to effect the above described administrative and personal unlawful arrest, detention and imprisonment of Complainant on the 3rd day of July, 2007, at the 9:30 A.M. Docket Call, without notice, which corrupt and unlawful interference with and obstruction of the fair administration of justice has not ceased to the present time.

IT IS THEREFORE ORDERED that Complainant be GRANTED a Preliminary Injunction  against Respondents under our immediate facts where Respondents, jointly or severally, failed to show cause why the relief sought by Complainant should not be extended. against Respondent Elizabeth Evelyn Coker (Evans) and all Respondents enjoining further implementation of the **CIVIL RIGHTS ABUSES, UNLAWFUL DETENTION AND OBSTRUCTION OF JUSTICE** as described above and in the Motion and Complaint filed

Page 3 of  4

herein.

    SUBSCRIBED this \_\_\_\_ day of September, 2007.


_____
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA